UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA PALMER,

                         Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

Case # 16-CV-822-FPG

DECISION AND ORDER

**INTRODUCTION**

Lisa Palmer brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

**BACKGROUND**

On November 29, 2012, Palmer applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 197-205. She alleged disability since January 1, 2002 due to chronic back pain, arthritis, migraines, gastroesophageal reflux disease, insomnia, posttraumatic stress disorder, paranoia, anxiety, panic attacks, borderline personality disorder, depression, and an eating disorder. Tr. 226-27. Palmer later amended her alleged disability onset date to November 29,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2] References to "Tr." are to the administrative record in this matter.

2012. Tr. 71. On December 16, 2014, Palmer and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge John P. Costello ("the ALJ"). Tr. 68-106. On February 27, 2015, the ALJ issued a decision finding that Palmer was not disabled within the meaning of the Act. Tr. 19-32. On August 22, 2016, the Appeals Council denied Palmer's request for review. Tr. 1-5. Thereafter, Palmer commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I.     The ALJ's Decision

The ALJ's decision analyzed Palmer's claim for benefits under the process described above. At step one, the ALJ found that Palmer had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 21. At step two, the ALJ found that Palmer has the following severe impairments: major depressive disorder, panic disorder, eating disorder, sciatica, migraine headaches, and polysubstance dependence. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 22-24.

Next, the ALJ determined that Palmer retains the RFC to perform light work,[3] but that she can complete only simple routine tasks and can only occasionally interact with coworkers and the public. Tr. 24-30. At step four, the ALJ indicated that Palmer has no past relevant work. Tr. 31. At step five, the ALJ relied on the VE's testimony and found that Palmer can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 31-32. Specifically, the VE testified that Palmer could work as a housekeeping cleaner and marker/ticketer. *Id.* Accordingly, the ALJ concluded that Palmer was not "disabled" under the Act. Tr. 32.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

**II.     Analysis**

Palmer argues that remand is required because the ALJ improperly weighed the medical opinions of consultative psychiatrist Kavitha Finnity, Ph.D. and consultative examiner Elizama Montalvo, M.D.[4] ECF No. 12 at 15-18.  Specifically, Palmer asserts that the ALJ erred when he afforded "significant weight" to these opinions but failed to adopt all of their limitations into the RFC assessment or explain why he rejected certain limitations.  *Id.*  The Court agrees.

An ALJ must "evaluate every medical opinion [he] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); *see* 20 C.F.R. § 416.927(c).  An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).  However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)).  Thus, when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions.  *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citation omitted).

**A.     Dr. Finnity's Opinion**

After performing a psychiatric evaluation, Dr. Finnity opined, among other things, that Palmer "has difficulty with a regular schedule."  Tr. 618.  Even though the ALJ purported to give

---

[4] Palmer advances other arguments that she believes warrant reversal of the Commissioner's decision.  ECF No. 12 at 11-15, 18-21.  However, the Court will not address those arguments because it disposes of this matter based on the ALJ's failure to properly weigh two medical opinions.

5

"significant weight" to this opinion, the RFC lacks any related limitations. Moreover, the ALJ did not explain how, despite Dr. Finnity's opinion, he concluded that Palmer could maintain a schedule that allows her to work on a regular and continuing basis. Tr. 27-28; *see* 20 C.F.R. § 416.945(b)-(c); S.S.R. 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). Although Dr. Finnity did not elaborate as to the specific "difficulty" Palmer would have, VE testimony revealed that an individual is unemployable if she cannot maintain a regular schedule that results in four or more absences per month. Tr. 104. Thus, this limitation is potentially very favorable to Palmer's disability claim and the ALJ should not have rejected it without explanation. *See, e.g.*, *Raymer*, 2015 WL 5032669, at *6 ("Remand is especially appropriate where, as here, the ALJ gave [the doctor]'s opinion 'considerable weight,' but failed to provide an explanation for not incorporating into the RFC some of the limitations identified in that opinion—particularly those that would lead to a finding of disability.").

### B. Dr. Montalvo's Opinion

Dr. Montalvo's opinion was the only physical medical opinion of record. Tr. 620-24. After performing a physical examination, Dr. Montalvo opined that Palmer has "moderate limitation bending, lifting, carrying, pushing, sitting, and standing." Tr. 623. The ALJ summarized Dr. Montalvo's examination findings and afforded her opinion "significant weight," but he did not analyze how Dr. Montalvo's opinion supported the RFC determination that Palmer could perform the full range of light work. Tr. 25, 28. Palmer asserts that, because light work requires frequent standing and lifting, and Dr. Montalvo opined that she is "moderately limited" in those areas, the ALJ had to explain the rationale behind the RFC. The Court agrees.

6

Light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." S.S.R. 83-10, 1983 WL 31251, at *5 (S.S.A. Jan. 1, 1983). It also "requires a good deal of walking or standing" or "sitting most of the time." *Id.* A claimant is not necessarily disabled simply because she is moderately limited in sitting or standing. *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). In fact, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Id.* (citations omitted).

Under these circumstances, however, the ALJ must "discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light work." *Id.* (citation omitted); *see also Toomey v. Colvin*, 15-CV-730-FPG, 2016 WL 3766426, at *4 (W.D.N.Y. Aug. 3, 2016) (remanding where the ALJ failed to reconcile his finding that plaintiff could perform sedentary work with a medical opinion that she was "moderately limited in sitting for a long time"); *Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence."). Here, the ALJ did not explain how Palmer could perform light work even though Dr. Montalvo opined that she was moderately limited in lifting, sitting, and standing, an opinion to which the ALJ gave "significant weight."

For the reasons stated, the Court finds that the ALJ improperly weighed Drs. Finnity and Montalvo's opinions and that remand is required. *See, e.g.*, *Searles v. Astrue*, No. 09-CV-6117,

2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010) (remanding where "the ALJ failed to explain why he ignored portions of an opinion for which he granted 'significant weight'").

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). Because Plaintiff filed her application over five years ago, the Court directs the Commissioner to expedite the remand and review of this matter. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 8, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court